**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| NATHAN CURTIS, | : | |
| Plaintiff, | : | Case No. 3:10CV0084 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| BRUCE L. MAY, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.  INTRODUCTION**

Plaintiff, Nathan Curtis, brings this action alleging that Defendants, in the course of his state criminal proceedings, violated his constitutional rights in violation of 42 U.S.C. §1983 and §1985. This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings (Doc. # 13), Plaintiff's Response (Doc. #16), Defendants' Reply (Doc. # 17) and the record as a whole. Defendants assert that Plaintiff's complaint fails to state a claim and that Plaintiff's claims are time-barred because the two-year statute of limitations for §1983 and §1985 actions has expired. Plaintiff asserts that Defendants entered into a plea bargain agreement which induced him to plead guilty and that Defendants conspired together to breach that agreement. Plaintiff requests

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

$100,000.00 in damages and specific performance of the agreement. (Doc. # 1 at para. 38).

## II. STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)) . The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

"[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See*

Fed. R. Civ. P. 8(a).  This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory....  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, __U.S. at __, 129 S.Ct. at 1950.

In ruling on the motion, the Court may consider materials in addition to the pleadings without converting it to a motion for summary judgment if the materials are public records or are the subject of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F. 3d 495, 501 (6th Cir. 2003).

### III. PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on March 5, 2010. Therein he alleges that on or about September 1, 2006, he was arrested on a drug charge. Thereafter, he began cooperating with Defendants and entered into an agreement. After accepting his information and active cooperation the Defendants utilized a tangential term of the agreement as a pretext to deprive him of consideration for his cooperation. Plaintiff further states that he filed a petition for post-conviction relief, which was denied on March 3, 2008. His subsequent appeals were not successful. In paragraph 26 of the complaint Plaintiff alleges: "[i]n conversations with Counsel in late February and March, 2010, the Plaintiff became aware that a pattern of conduct involving the arbitrary breach of agreements by the ACE Task Force had been occurring which involved conduct similar to the facts in the Plaintiff's case." (Doc. # 1).[2]

### IV. ANALYSIS

Defendants' first contend that Plaintiff's complaint "...is replete with conclusory statements and formulaic recitations of the elements of his causes of action" and thus subject to dismissal. (Doc. # 13 at 4). The Court agrees that the complaint lacks some key

---

[2] This Court may take judicial notice of its own records. *See* Fed. R. Evid. 201. The record reflects that Plaintiff also filed a petition for writ of habeas corpus in this Court - Case No. 3:10cv0192. Therein he stated that he was convicted of one count of Felonious Assault and one count of Attempted Kidnapping. His petition indicated that his post conviction petition raised the claim that his plea was not knowing and voluntarily made. Ground One of his habeas petition claimed that his plea of guilty was not knowing and voluntary. In support, Plaintiff stated "[t]he Petitioner was induced to enter a plea due to a promise of a reduced sentence if Petitioner cooperated with the Ace Task Force. "Cooperation" was never defined and the Court sentenced the Petitioner to a drastically higher sentence based upon a claim of non cooperation after the Petitioner substantially complied with the plea agreement." See Petition at 4, 6. Plaintiff's habeas petition was subsequently dismissed.

information regarding the underlying criminal charge. However, it is equally clear that Plaintiff's complaint is barred by the applicable statute of limitations.

The Sixth Circuit has recognized that the statute of limitations period for §1983 actions is two years. *Browning v. Pendleton*, 869 F. 2d 989, 992 (6th Cir. 1989). The limitation period for §1985 actions is also two years. *Harris v. Board of Educ. Of Columbus,* 798 F. Supp. 1331, 1345 (S.D. Ohio 1992). The parties agree that the two-year period is applicable. (Doc. # 13 at 4; Doc. # 16 at 3). The parties also agree that the cause of action accrues and the time begins to run from the date that the aggrieved party knows or has reason to know of the injury. (Doc. # 13 at 5; Doc. # 16 at 3). They disagree however on when Plaintiff knew or should have known of his alleged injury.

Plaintiff admits that he "... knew that he would not be getting the benefit of his agreement in July, 2007." (Doc. # 16 at 5). He nevertheless argues that this did not trigger the running of the statute of limitations clock because he was the victim of fraud perpetrated by Defendants. He thus claims he did not know of the "fraud" until he had discussions with his attorney in February and March of 2010 when he learned that there was a pattern utilized by Defendants in similar cases. This argument lacks merit.

The Sixth Circuit has held that the limitations period is triggered "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F. 2d 262, 273 (6th Cir. 1984). For cases arising under §1983 and §1985 the Sixth Circuit instructs lower courts to look at "what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Conlin v. Blanchard*, 890

5

F. 2d 811, 815 (6th Cir. 1989).

Defendants aptly note that the argument of a "pattern" relates solely to whether Greene County tolerated a custom within the ACE task Force which leads to a violation of a constitutional right. (Doc. # 17). The injury Plaintiff allegedly suffered was clearly known to him at the time of his sentencing (July of 2007) when he received a much higher sentence than he expected.  He thus had reason to know at that time of the injury which is the basis of his action. Since his complaint was not filed until March 5, 2010, more than two years later, his claims are time-barred. *See Browning*, 869 F. 2d at 992; *see also Harris*, 798 F. Supp. At 1345.

Because Plaintiff's claims against the individual officers are subject to dismissal, his claims against Defendant Greene County are also time-barred and must also be dismissed. *Watkins v. City of Battle Creek,* 273 F. 3d 683, 687(6th Cir. 2001).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Judgment on the Pleadings (Doc. # 13) be GRANTED; and,

2. This case be terminated on the docket of this Court.

March 9, 2011

                                                     s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).