IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHAN CURTIS,                        :

      Plaintiff,                        :

                                           Case No. 3:10-cv-084

      vs.                                 :

                                           JUDGE WALTER HERBERT RICE

BRUCE MAY, et al.,                    :

      Defendants                        :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS (DOC. #18) OF THE UNITED STATES MAGISTRATE JUDGE IN THEIR ENTIRETY AND OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #19); GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #13); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This case is brought under 42 U.S.C. §§ 1983 and 1985. Plaintiff alleges that, pursuant to the terms of a plea agreement, he provided substantial assistance in prosecuting drug traffickers. In exchange, Greene County ACE Task Force members Bruce May, Lon Etchison, and David Tidd were supposed to recommend a lower sentence for him. According to Plaintiff, even though he substantially complied with the agreement, the officers breached their promise, relying on a "tangential term" of the plea agreement as a pretext to deny him proper consideration for his cooperation.

In Count 1 of his Complaint, he alleges that Defendants May, Etchison, and Tidd breached the plea agreement, thereby violating his constitutional due process rights. He maintains that this was part of a pattern and practice whereby the Task Force members would arbitrarily breach agreements with defendants charged with drug crimes after obtaining wanted information about drug trafficking. In Count 2 of his Complaint, he alleges that the same defendants conspired to deprive him of his constitutional rights. In Count 3 of his Complaint, he alleges that Greene County knew of the illegal actions of the Task Force members and failed to put a stop to them. According to Plaintiff, Greene County was negligent in its hiring, training, supervising, and disciplining of the Task Force members, and these customs and policies were the moving force behind his constitutional violations.[1]

Defendants have filed a Motion for Judgment on the Pleadings (Doc. #13), arguing that Plaintiff's claims, brought under 42 U.S.C. §§ 1983 and 1985, were barred by the two-year statute of limitations, and that Plaintiff had failed to state a claim upon which relief can be granted. On March 9, 2011, the Magistrate Judge issued a Report and Recommendations (Doc. #18), recommending that Defendants' motion be granted because Plaintiff's claims were time-barred.

The parties agree that Plaintiff's claims are subject to a two-year statute of limitations. They disagree, however, on when the causes of action accrued. Under

---

[1] Plaintiff's Complaint does not specify whether May, Etchison, and Tidd are sued in their individual capacities, their official capacities, or both.

2

Sixth Circuit law, the statute of limitations is triggered "when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (internal citations omitted); *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007).

The Magistrate Judge noted that Plaintiff admits that he "knew that he would not be getting the benefit of his agreement in July, 2007," (quoting Resp. in Opp'n to Mot. for Judg. on Pleadings). At that point, he knew of the injury which formed the basis of his action. However, Plaintiff did not file suit until March 5, 2010. The Magistrate Judge therefore concluded that Plaintiff's claims were time-barred.

In his Objections to the Report and Recommendations (Doc. #19), Plaintiff argues that he did not learn of Greene County's alleged custom or policy of breaching plea agreements until he spoke with his attorney in February or March of 2010. He argues that because he did not discover the causal connection between his alleged constitutional injuries and the county's actions until that time, his Complaint should be deemed timely filed.

There is little or no support in the Sixth Circuit for Plaintiff's argument that his cause of action against Greene County did not accrue until he learned of the alleged policy or custom. Plaintiff cites to none and the Court has found none.

3

In *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995), the Second Circuit Court of Appeals recognized a "delayed accrual" theory, finding that "a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.'" *Id.* at 1157. Nevertheless, this "delayed accrual" theory does not appear to have gained much traction outside of the Second Circuit. One court has aptly noted that because the concept of accrual looks at *discovery* of the injury, rather than the *cause* of it, "*Pinaud* does little to explain why a *Monnell* claim should be viewed differently from any other civil rights claim." *Evans v. City of Chicago*, No. 07C2941, 2007 WL 4219415, at *3 (N.D. Ill. Nov. 29, 2007).

Even if the Sixth Circuit did recognize a "delayed accrual" theory for municipal liability claims, there would be no justifiable basis for applying it in this case. Plaintiff admits that he knew of his injury in July of 2007. At that time, he believed that the Task Force members had violated his constitutional rights by relying on a "tangential term" of the plea agreement to refuse to recommend a lower sentence for him. He also believed that they had conspired against him. Regardless of whether Plaintiff knew that the Task Force members had done the same thing to other defendants charged with drug crimes, he clearly knew that *he* had been wronged. Although he had a "complete and present cause of action," *see Wallace v. Kato*, 549 U.S. 384, 388 (2007), he did not file suit against the individual Task Force members at that

4

time. Instead, he allowed the statute of limitations to run out on his §§ 1983 and 1985 claims. Those claims are clearly time-barred, and the Court rejects Plaintiff's attempt to resurrect them by bootstrapping them to his claim against Greene County.

The Court also rejects Plaintiff's argument that his claim against Greene County did not accrue until he learned from his attorney, in February or March of 2010, that what happened to him was part of a "pattern" of conduct by the Task Force members. Even though this may be the first time that Plaintiff learned that he might have had a separate claim against Greene County, there is no reason to believe that he would not have discovered the alleged custom or policy sooner had he consulted an attorney in a more timely manner.[2]

A § 1983 plaintiff cannot circumvent the statute of limitations simply by failing to consult with an attorney in a timely manner. This kind of "willful ignorance" provides no basis for extending the statute of limitations. Plaintiff's

---

[2] In his Objections to the Report and Recommendations, Plaintiff inexplicably also argues that he has averred all of the elements of fraud, and he chastises the Magistrate Judge for failing to address this in her analysis of the statute of limitations. He appears to argue that the Task Force members, in entering into the plea agreement with him, made a material, false representation with the intent to mislead him, and that he justifiably relied on it to his detriment. Even overlooking the fact that the Complaint is completely devoid of any allegations of fraud, this argument does nothing to support Plaintiff's argument as to when the statute of limitations accrued. He does not allege that Defendants fraudulently concealed any facts essential to his claim, such that equitable tolling of the statute of limitations might be appropriate. *See, e.g., Bossey v. Al Castrucci, Inc.*, 105 Ohio App.3d 666, 670, 664 N.E.2d 1301 (Ohio Ct. App. 1995).

claims all accrued in July of 2007 when he learned of the injury that forms the basis for them. Because he did not file suit within the two-year statute of limitations, his claims are time-barred.

For the reasons stated above, the Court overrules Plaintiff's Objections to the Report and Recommendations (Doc. #19), adopts the Magistrate Judge's Report and Recommendations (Doc. #18), and grants Defendants' Motion for Judgment on the Pleadings (Doc. #13). Judgment will be entered in favor of Defendants and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

6